IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JONATHAN RODRICK KEOLA NAMAUU, #A0224560, | ) ) ) | CIV. NO. 10-00609 JMS/LEK |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT |
| vs. | ) ) ) | |
| NOLAN ESPINDA (HCF WARDEN); H. HOOMANA (ACTING CHIEF OF SECURITY); SANTIAGO-LOPEZ (FSM IV); KATHY, R.N.; VENUS, L.P.N. | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT**

Before the court is pro se Plaintiff Jonathan Rodrick Keola Namauu's ("Plaintiff") prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants violated his constitutional rights by conducting unlawful strip searches, depriving him of his property, and denying him needed medical care.  For the following reasons, Count I is DISMISSED with leave to amend, Count II is DISMISSED with prejudice, and Count III is DISMISSED without prejudice to refiling a separate action (or with leave to amend if Count I is abandoned).

# I. <u>STATUTORY SCREENING</u>

The Prison Litigation Act of 1996 (PLRA), requires federal courts to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a), § 1915(e)(2).  The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1-2), § 1915(e)(2).

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to sufficiently allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (dismissing civil rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962 (9th Cir. 2009).  In *Iqbal*, the Court clarified that, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," are not entitled to an assumption of truth.  129 S. Ct. at 1951 (quoting *Twombly*, 550 U.S. at 555).  These types of claims should not be disregarded because they are "'unrealistic or nonsensical,'" but because they are simply legal conclusions, even if they "[are]

cast in the form of a factual allegation." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S. Ct. at 1951).

If a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 127-29 (9th Cir. 2000) (en banc); *Moss*, 572 F.3d at 971. The court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).

## II.  DISCUSSION

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted); *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A.  Count I Is Dismissed With Leave To Amend

In Count I, Plaintiff asserts a claim under the Fourth Amendment for an unreasonable search and seizure. Plaintiff alleges that since 2008, while

working in the kitchen, he has been subjected to daily "corporate strip searches" upon each entry and exit to the work facility.  Plaintiff, however, fails to identify who is responsible for conducting the strip searches.

Presumably, Plaintiff names Warden Nolan Espinda and Acting Chief of Security Hoomana as liable for these alleged strip searches, but, other than naming them as defendants in this action, Plaintiff does not link them to his claims in Count I.  Supervisory officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."  *Iqbal*, 129 S. Ct. at 1948.  The term supervisory liability is therefore something of a "misnomer" because "[e]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Id*. at 1949.  Accordingly, supervisory officials "cannot be held liable unless they themselves" violated a constitutional right.  *Id*. at 1952.  Thus, supervisors "can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others."  *Edgerly v. City & Cnty. of S.F.*, 599 F.3d 946, 961-62 (9th Cir. 2010) (citing *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).

4

Moreover, strip searches do not violate the Fourth Amendment rights of prisoners, unless they are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest."  *See Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988).  Plaintiff pleads no facts supporting a finding that these strip searches were vindictive, harassing, directed solely at him, or unrelated to a legitimate penological interest.  To the contrary, Plaintiff's allegations that the strip searches occurred upon entering and exiting the kitchen work facility may very well be related to a legitimate penological interest.  *See Nunez v. Duncan*, 591 F.3d 1217, 1227-28 (9th Cir. 2010) (concluding that strip searches of inmates returning from work details are reasonably related to a legitimate penological interest in controlling contraband within the prison).  Accordingly, Count I is DISMISSED without prejudice and with leave to amend.

**B.      Count II is Dismissed With Prejudice**

In Count II, Plaintiff asserts a claim under the Fourteenth Amendment for a deprivation of personal property.  Plaintiff alleges that Defendants Kathy and Venus threw away his various personal property without following the proper protocol.  A claim of negligent or unauthorized deprivation of property by state officials does not state a federal cause of action under § 1983 if the plaintiff has an adequate post-deprivation state remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 533

(1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994).  When the deprivation occurs through the "random and unauthorized conduct of a state employee, predeprivation procedures are simply 'impracticable,' since the state cannot know when such deprivations will occur."  *Hudson*, 468 U.S. at 533. Hawaii law provides that public employees are liable for torts in the same manner and to the same extent as a private individual under like circumstances.  Haw. Rev. Stat. § 662-2.  Because the state expressly waives its immunity for its employees' torts, § 662-2 provides an adequate post-deprivation remedy for Plaintiff's alleged loss of property.  Because any amendment to Count II would be futile, it is DISMISSED with prejudice.

### C.     Count III Is Dismissed Without Prejudice

In Count III, Plaintiff asserts a claim under the Eighth Amendment for lack of proper medical care.  Plaintiff alleges that he has a diabetic condition which requires a medical treatment of evening snacks to control his blood sugar levels. Plaintiff alleges that Defendant Santiago-Lopez oversees this medical treatment and that the delivery of his evening snacks has been "off and on and inconsistent" resulting in a worsening of his medical condition.

Failure to provide medical treatment amounts to cruel and unusual punishment when (1) a detainee has a "serious medical need" and (2) detention

officials are "deliberately indifferent" to that need.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994).  A serious medical need exists when, viewed objectively, "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  *Jett*, 439 F.3d at 1096 (citation and quotation omitted).

Deliberate indifference requires that an official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.  The test is a subjective one because "prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment."  *Id*. at 844.  Accordingly, a plaintiff must show that an official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond."  *Conn v. City of Reno*, 591 F.3d 1081, 1096 (9th Cir. 2010) (citing *Farmer*, 511 U.S. at 828).  "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment."  *Farmer*, 511 U.S. at 838.

Although Plaintiff's diabetic condition indicates a serious medical need, he fails to allege that Defendant Santiago-Lopez acted with the requisite

7

deliberate indifference to that need by failing to deliver Plaintiff his evening

snacks.  Plaintiff simply states that the evening snacks were not delivered in a

timely and consistent manner.  Those allegations at best allege negligence or an

inadvertent failure to provide medical care which is insufficient to state a claim

under § 1983.  Accordingly, Count III is DISMISSED without prejudice and with

leave to amend.

**D.      Rules 18 and 20 of the Federal Rules of Civil Procedure**

The claims in Counts I and III are completely unrelated to each other

and name defendants who are not mutually responsible for each of the claims.  As

such, the Complaint violates Federal Rules of Civil Procedure 18 and 20.

Under Rule 18(a), governing joinder of claims, a plaintiff may bring

multiple claims, related or not, in a lawsuit against a single defendant.  To name

different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20,

governing joinder of parties.  Under Rule 20(a)(2), permissive joinder of multiple

defendants in a single lawsuit is allowed only if: (1) a right to relief is asserted

against each defendant that relates to or arises out of the same transaction or

occurrence or series of transactions or occurrences; and (2) any question of law or

fact common to all defendants arises in the action.  Unrelated claims involving

different defendants belong in different suits.  *See George v. Smith*, 507 F.3d 605,

607 (7th Cir. 2007); *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001).

Although pro se litigants are held to less stringent standards than represented parties, *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), they must comply with the procedural or substantive rules of the court.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Requiring pro se prisoners to adhere to the federal rules regarding joinder of parties and claims prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]," avoids confusion, ensures that prisoners pay the required filing fees, and prevents prisoners from circumventing the PLRA's three strikes rule.  *George*, 507 F.3d at 607; *see also Patton v. Jefferson Corr'l Ctr.*, 136 F.3d 458, 464 (5th Cir. 1998) (discouraging "creative joinder of actions" by prisoners attempting to circumvent the PLRA's three-strikes provision).

Plaintiff's claim in Count I regarding alleged unlawful strip searches is unique and separate from his claim in Count III concerning the alleged denial of medical care.  These claims are clearly separate violations allegedly done by different individuals that did not arise from the same transaction or occurrence or series of transactions or occurrences.  Thus, they cannot be joined in the same action.

The court has dismissed both Counts I and III without prejudice and with leave to amend.  This means Plaintiff may try again to state claims with more sufficient facts.  The claims, however, must be brought in *separate* actions because Counts I and III are not based on related events and are not against any of the same Defendants.  Accordingly, Plaintiff has three choices:

First, if Plaintiff wants to amend as to *both* Counts I and III, he must amend the allegations in different cases.  He would need to (1) file an amended complaint in this action for Count I (for the strip-searches) and (2) file a new complaint for what is now Count III (for the alleged denial of medical care), and pay a new filing fee (or file an application to proceed *in forma pauperis)* for the new complaint.

Second, if Plaintiff wants to amend as to either Count I or Count III (and abandon the other), he may do so by filing an amended complaint in this action.  In this event, a new filing fee would not be necessary.

Third, if Plaintiff wants to abandon both counts, he would do nothing more.  In any event, failure to timely amend in this action and cure its deficiencies by December 6, 2010 will result in AUTOMATIC DISMISSAL of this action for failure to state a claim.  *See* 29 U.S.C. §§ 1915A(b)(1)-(2) & 1915(e)(2).

**E.**   **28 U.S.C. § 1915(g)**

Plaintiff is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  If Plaintiff is unable to amend the Complaint to cure the deficiencies enumerated in this Order, this dismissal shall constitute a strike under 28 U.S.C. § 1915(g).

## III.  CONCLUSION

IT IS HEREBY ORDERED that:

1.     The Complaint is DISMISSED for failure to state a claim.  *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

2.     Count I is DISMISSED without prejudice and with leave to amend in this action as set forth above.  Plaintiff may file an amended complaint as to Count I by December 6, 2010.

3.     Count II is DISMISSED with prejudice.

4.     Count III is DISMISSED without prejudice to refiling in a

separate action, or an amended complaint, as set forth above.  A new complaint regarding Count III is subject to a new filing fee.  Should Plaintiff decide to abandon Count I and seek to proceed in this action as to Count III only, a new filing fee will not be assessed and an amended complaint may be filed.  An amended complaint as to Count III may be filed by December 6, 2010.

5.     The amended complaint must be complete in itself without reference to the superseded pleading.  *See* Local Rule of the District of Hawaii 10.3.  Defendants not named and any claims not re-alleged in any amended complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

6.     If the amended complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

///

///

///

///

///

7.     The Clerk of Court is directed to mail two prisoner civil rights complaint forms to Plaintiff, so that he may comply with the directions in this Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, November 15, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Namauu v. Espinda et al.,* Civ. No. 10-00609 JMS/LEK; Order Dismissing Complaint (prose attys\Screening\PWM\Namauu 10-609 JMS - rev (ftsc, lv to amd))